# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN KELLY,** | : | **CIVIL NO. 1:11-CV-1294** |
| **Plaintiff,** | : | **(Judge Conner)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **LEBANON COUNTY COMMISSIONERS, et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.   Introduction

In the Prison Litigation Reform Act, Congress established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 ( 2007). One critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous claims. As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, deny such leave to prisoners who have on three or more prior occasions filed frivolous or meritless

1

claims in federal court, and dismiss these inmate complaints, unless the inmate alleges facts showing that he is in imminent damage of serious bodily harm. 28 U.S.C. §1915(g).

In the instant case, we are now called upon to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good" in this field. Jones v. Bock, 549 U.S. 199, 204( 2007) Upon consideration of this case, we conclude that the plaintiff, Allen Kelly, was at the time of the filing of this complaint a "prisoner [who] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). We further conclude that Kelly has not, and cannot, credibly allege that he is in imminent danger of serious bodily harm as a result of the acts alleged in this complaint. Therefore, consistent with §1915(g)'s mandate, we are compelled to recommend that "[i]n no event sh[ould] [this] prisoner [be authorized to continue to] bring [this] civil action," *in forma pauperis*. 28 U.S.C. § 1915(g). Accordingly, for the reasons set forth below, it is recommended that Kelly be denied further leave to proceed *in forma pauperis*, and this complaint should be dismissed.

2


claims in federal court, and dismiss these inmate complaints, unless the inmate alleges facts showing that he is in imminent damage of serious bodily harm. 28 U.S.C. §1915(g).

In the instant case, we are now called upon to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good"in this field. Jones v. Bock, 549 U.S. 199, 204( 2007) Upon consideration of this case, we conclude that the plaintiff, Allen Kelly, was at the time of the filing of this complaint a "prisoner [who] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). We further conclude that Kelly has not, and cannot, credibly allege that he is in imminent danger of serious bodily harm as a result of the acts alleged in this complaint. Therefore, consistent with §1915(g)'s mandate, we are compelled to recommend that "[i]n no event sh[ould] [this] prisoner [be authorized to continue to] bring [this] civil action," *in forma pauperis*. 28 U.S.C. § 1915(g). Accordingly, for the reasons set forth below, it is recommended that Kelly be denied further leave to proceed *in forma pauperis*, and this complaint should be dismissed.

**II.     Statement of Facts and of the Case**

    **A.     Allen Kelly's Litigation History**

The plaintiff, Allen Kelly, is a state prisoner and a prodigious, if prodigiously unsuccessful, federal court litigant. Indeed, over the past ten years Kelly has had numerous civil actions dismissed by this Court as frivolous.

The history of repeated, frivolous and meritless litigation in federal court by this plaintiff began at least in April of 2002, when Kelly filed a complaint in the case of <u>Kelly v. York County Prison</u>, No. 4:02-CV-700 (M.D. Pa.). On May 3, 2002, the district court dismissed this civil action as frivolous. <u>Kelly v. York County Prison</u>, No. 4:02-CV-700 (M.D. Pa.). (Doc. 6)  Kelly did not appeal the dismissal of this action as frivolous.

On September 30, 2008, Kelly filed a second civil action in the case of <u>Kelly v. York County Prison</u>, No. 4:08-CV-1813 (M.D. Pa.). Like his initial 2002 lawsuit, this action was dismissed by the district court which found Kelly's complaint to be frivolous. <u>Kelly v. York County Prison</u>, No. 4:08-CV-1813 (Doc. 9)  Kelly appealed this dismissal order, <u>Kelly v. York County Prison</u>, No. 4:08-CV-1813, (Doc. 12), but his appeal of this case was dismissed by the court of appeals, <u>Kelly v. York County Prison</u>, No. 4:08-CV-1813, (Doc. 16), and on June 16, 2010, this case was closed by

the appellate court with the issuance of its mandate dismissing this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).[1] Kelly v. York County Prison, No. 4:08-CV-1813. (Doc. 21)

While this action was pending, Kelly filed a third lawsuit in the case of Kelly v. York County Prison, No. 4:08-CV-2027, on November 6, 2008. Kelly v. York County Prison, No. 4:08-CV-2027 (M.D. Pa.). (Doc. 1) On January 14, 2009, upon a screening review of this, Kelly's third civil complaint, the district court dismissed this action for failure to state a claim upon which relief could be granted. Kelly v. York County Prison, No. 4:08-CV-2027. (Doc. 8) Kelly appealed this dismissal. Kelly v. York County Prison, No. 4:08-CV-2027. (Doc. 9)

On August 31, 2009, the court of appeals entered an opinion and order in this case, which affirmed the district court's dismissal of the majority of Kelly's claims, but remanded the case to the district court for further consideration of a retaliation claim made by Kelly. Kelly v. York County Prison, No. 4:08-CV-2027. (Doc. 14) On

---

[1] 28 U.S.C. § 1915(e)(2)(B)(I) provides that; "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal, . . . is frivolous or malicious." Thus the appellate court ruling was tantamount to a declaration that this action was also frivolous.

remand, the district court directed Kelly to file an amended complaint articulating this claim, Kelly v. York County Prison, No. 4:08-CV-2027, (Doc. 20), which was filed by Kelly on December 23, 2009. Kelly v. York County Prison, No. 4:08-CV-2027. (Doc. 21)  On August 17, 2010, the district court then entered an opinion and order dismissing Kelly's amended complaint for failure to state a claim upon which relief can be granted, further finding that any " appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith." Kelly v. York County Prison, No. 4:08-CV-2027. (Doc. 29)  Kelly appealed this dismissal order, Kelly v. York County Prison, No. 4:08-CV-2027. (Doc. 32), but his appeal was dismissed by the court of appeals on October 5, 2010. Kelly v. York County Prison, No. 4:08-CV-2027. (Doc. 34)

     Subsequently, on December 29, 2010, Kelly filed a fourth lawsuit, Kelly v. Kline, No. 1:10-CV-2658 (M.D. Pa.).  On January 26, 2011, this fourth civil action filed by Kelly was dismissed by the court as frivolous. Kelly v. Kline, No. 1:10-CV-2658 (Doc. 10)  This dismissal constituted Kelly's "fourth strike," the fourth dismissal of a case brought by Kelly in federal court as frivolous.  There is no record that Kelly ever appealed this "fourth strike" dismissal.

### B.     <u>Kelly's Current Lawsuit</u>

It is against the backdrop of this history of repeated, frivolous and meritless filings that Kelly instituted the current lawsuit. Six months after the district court dismissed Kelly's fourth federal lawsuit, on July 12, 2011, Kelly filed the instant complaint, (Doc. 1), and initially received leave to proceed *in forma pauperis*. (Doc. 14)

In this latest *pro se* civil rights action Kelly purports to file a class action on behalf of prisoners at the Lebanon County Correctional Facility. Kelly's complaint contains a catalogue of grievances against prison officials, alleging: (1) that the prison law library is inadequate; (2) that the prison food is "very poor" and is "served cold, condiments are always missing"; (3) that the prison laundry returns clothes "dingy" and "damp"; (4) that prison policies regarding strip searches, cell shakedowns, mail processing, work programs, and grievance processing are unfair; (5) that prison sanitation is inadequate, in part because the prison shower curtains are moldy; (6) that prison medical services are inadequate, that prison health care providers "show no compassion," are not sufficiently empathetic, and violate the "Hippo law"; (7) that prison issued clothing is inadequate; (8) that housing units lack hot water, and use bunk beds which are difficult to climb into; (9) that prison officials

place "white Caucasians" in housing units in a discriminatory manner; and (10) that insufficient women and minorities are hired to management positions in the prison, (Id.)

On the basis of these far-flung and conclusory allegations, Kelly seeks injunctive and declaratory relief, along with compensatory and punitive damages. (Id.) However, notably absent from Kelly's complaint is any allegation that this "prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Indeed, Kelly cannot credibly claim to be at risk of serious bodily injury in the Lebanon County Prison since it is wholly undisputed that he is no longer housed at that facility but rather has been transferred to the State Correctional Institution at Camp Hill.

## II. DISCUSSION

### A. 28 U.S.C. §1915(g)– The Legal Standard.

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates like Kelly who seek leave to proceed *in forma pauperis*. 28 U.S.C. §1915A. One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," Jones v. Bock, 549 U.S. 199, 204 ( 2007), entails ensuring that inmates who have abused

this privilege in the past are not permitted to persist in further *in forma pauperis* litigation. Towards that end, Congress enacted 28 U.S.C. §1915(g), which provides in pertinent part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests." Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19 (3d Cir. 2001). With this goal in mind, it is well-settled that, "generally, a prisoner may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he brought an action that was dismissed as frivolous," Brown v. City Of Philadelphia, 331 F. App'x 898, 899, (3d Cir.2009), and inmates who attempt to bring such lawsuits *in forma pauperis* should have their complaints dismissed. Id.

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under §1915(g), we look to the status of the plaintiff's

prior litigation history at the time he filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)." Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of § 1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)." Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute. But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing. The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."
>
> Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.
>
> Brown v. City Of Philadelphia, 331 F. App'x at 900.

Judged against these legal standards, we find that, pursuant to 28 U.S.C. §1915(g), Kelly's current *in forma pauperis* complaint should be dismissed in its entirety. At the outset, it is evident that the first prerequisite for the application of §1915(g)'s gatekeeping rule is fully met here, in that Kelly has had four prior federal

lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Each of these dismissals pre-dated the filing of the instant lawsuit, and in each instance the order dismissing the case had become final prior to Kelly instituting the instant case. Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007). Thus, Kelly comes before this Court with "four strikes," and is plainly subject to § 1915(g)'s rule of preclusion.

Nor can Kelly avail himself of the "imminent danger" exception to § 1915(g)'s preclusive effect. Kelly has not pleaded in his complaint that he is in imminent danger of serious bodily injury, (Doc. 1), and the nature of his claims simply do not lend themselves to credible assertions of imminent bodily harm. Indeed, since "[s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent,'" Abdul-Akbar v. McKelvie, 239 F.3d at 313, it is apparent that Kelly–who is no longer housed at Lebanon County Prison– cannot credibly claim that he faces any imminent bodily danger as a result of events at that institution. Thus, on these facts, where Kelly is no longer housed in the prison where he claims that these incidents took place, this Court could justifiably discredit any belated "factual claims of imminent danger [as] 'clearly baseless,' i.e., allegations that are fantastic or . . . rise to the level

11

of the 'irrational or wholly incredible.' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998).

In sum, all of the statutory prerequisites for imposition of §1915(g)'s bar against further *in forma pauperis* litigation by this *pro se* prisoner-plaintiff are fully met here. Therefore, consistent with §1915(g)'s statutory mandate, it is recommended that Kelly be denied further leave to proceed *in forma pauperis*, and this complaint should be dismissed in its entirety.

## IV.   Recommendation

Accordingly, for the foregoing reasons, pursuant to 28 U.S.C. § 1915(g), IT IS RECOMMENDED that the plaintiff's motion for leave to further proceed *in forma pauperis* be DENIED and that the plaintiff's *in forma pauperis* complaint be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of October, 2011.

<div style="text-align:right">

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

</div>